# UNITED STATES DISTRICT COURT
for the
Southern District of Iowa

_Central_ Division

|  |  |
|---|---|
| XAVIER ROMULUS RAYNOR<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v-<br><br>DES MOINES AREA COMMUNITY COLLEGE<br>DEBBIE MCKITTRICK IN HER CAPACITY AS JUDICIAL OFFICER<br>TERRY S HARRISON IN HIS CAPACITY AS SECURITY SUPERVISOR<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* [✓] Yes [ ] No<br><br><br>**RECEIVED**<br><br>OCT 0 9 2020<br><br>CLERK U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF IOWA |

## COMPLAINT FOR A CIVIL CASE

**I.      The Parties to This Complaint**

   **A.      The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

|  |  |
|---|---|
| Name | XAVIER R. RAYNOR |
| Street Address | 1344 22ND ST. #3 |
| City and County | DES MOINES, POLK |
| State and Zip Code | IOWA 50311 |
| Telephone Number | (641) 670-0350 |
| E-mail Address | RAYNORXAVIER91@GMAIL.COM |

   **B.      The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | DES MOINES AREA COMMUNITY COLLEGE (DMACC) |
| Job or Title *(if known)* | |
| Street Address | 2006 SOUTH ANKENY BOULEVARD |
| City and County | ANKENY, POLK |
| State and Zip Code | IOWA 50023 |
| Telephone Number | (515) 964-6200 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | DEBBIE MCKITTRICK |
| Job or Title *(if known)* | JUDICIAL OFFICER/TITLE IX COORDINATOR |
| Street Address | 2006 SOUTH ANKENY BOULEVARD, BUILDING 1 |
| City and County | ANKENY, POLK |
| State and Zip Code | IOWA 50023 |
| Telephone Number | (515) 964-6274 |
| E-mail Address *(if known)* | DKMCKITTRICK@DMACC.EDU |

Defendant No. 3

| | |
|---|---|
| Name | TERRY S. HARRISON |
| Job or Title *(if known)* | SECURITY SUPERVISOR |
| Street Address | 2006 SOUTH ANKENY BOULEVARD |
| City and County | ANKENY, POLK |
| State and Zip Code | IOWA 50023 |
| Telephone Number | (515) 964-6500 |
| E-mail Address *(if known)* | TSHARRISON@DMACC.EDU |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. A§ 1681 ET. SEQ.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
       The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation
       The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
       and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
       The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

  b. If the defendant is a corporation

   The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Plaintiff suffered significant damages from the actions of the Defendant's when they knowingly and wantonly disregarded his claims, chose to retaliate engaging in slander and defamation of his character, knowingly falsified and withheld information leading to his arrest, caused him significant emotional duress over the course of its so called investigation and ultimately barred his return on grounds that clearly fail to meet the requirements outlined under Title IX. As a result of the Defendant's actions Plaintiff also lost his apartment and was homeless for almost 10 months.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

On July 15, 2018 Plaintiff notified Defendants about concerns about another student's statements and conduct via an email sent to one of his instructors who said that she passed the concerns onto the proper officials. On July 17, 2018 Plaintiff spoke to Harrison for the first time who requested that he submit a timeline of events that occurred between him and the other student and allegedly an investigation began at this point. In the timeline Plaintiff disclosed to the Defendant's that the other student had made an unwanted sexual advance on him on campus. (See Attached)

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff requests the court to order the college to immediately terminate both Harrison and McKittrick so that they are prevented from engaging in the same conduct against other students. Plaintiff further asks the court to order that the college reverse its decisions in the cases of both students. The other student should be held responsible in some capacity for what he did and the Plaintiff should be allowed to return to the college. Plaintiff further asks that the college waive the amount that is currently owed to the college as well as any collection fees that have been charged on the basis of the return of funds. Plaintiff also requests $500,000 in damages due to the actions of the college leading to his arrest as well as for the emotional distress and anguish that he suffered as a result of the colleges actions before and after his arrest. In addition to being barred from returning to college Plaintiff also lost his apartment due to the actions of the Defendant's and spent almost 10 months homeless.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/8/2020

Signature of Plaintiff
Printed Name of Plaintiff    Xavier R. Raynor

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Over the next 3 months Plaintiff would continue to report that he believed that he other student was still harassing him and the Defendant's turned a blind eye and redirected the blame to the Plaintiff asserting that the Plaintiff was harassing the other student. On one occasion towards the end of July 2018 Plaintiff met with Harrison who can be quoted as stating that he wanted Plaintiff to "stop reporting the other student so that he can get this matter off of his desk." On another occasion in early August 2018 Plaintiff met with McKittrick who asserted that he was harassing the other student because he kept reporting him and that when he did so her and Harrison would have to contact the other student and ask if he was doing the things Plaintiff accused him of only for him to deny doing them and that this was bothersome to the other student. On numerous occasions McKittrick threatened retaliation in the form of disciplinary action if Plaintiff did not stop. Towards the end of August 2018 McKittrick requested a second timeline where she also requested that Plaintiff submit evidence with it and provide references to that evidence as footnotes. Around this time a meeting for mediation was held between the students where both students essentially just pointed fingers at the other. Plaintiff provided this second timeline on August 29, 2018 which was the day after the students met with McKittrick. Harrison provided the flash drive for Plaintiff to provide what was well over 700 pages to the college for review. Harrison also made a copy of the documentation on the Security computer in Building 5 of the Ankeny campus before turning it over to McKittrick. On August 31, 2018 the Ankeny Police Department was contacted and a report was made against the Plaintiff. Harrison knowingly and wantonly withheld a substantial amount of information and evidence from the police department and was the detective's primary point of communication and source of information. Following the involvement of law enforcement McKittrick officially launched the Title IX investigation revealing that not only were they investigating the other student but the Plaintiff. It should be noted that the Plaintiff had also filed internal complaints against both McKittrick and Harrison leading up to this and at one point McKittrick trespassed Plaintiff from the Administration building and Student Services building at the behest of false information provided by Harrison. Plaintiff had also become aware of Harrison and McKittrick's prior employment and sketchy reasoning for why Harrison in particular was no longer working in that field. Not even a week after initiating the investigation McKittrick again retaliated by demanding that Plaintiff cease communication with one of the investigator's assigned to the case and ultimately removing the investigators from the case and requesting that the college's attorney's take over. Ultimately, Plaintiff was jailed and spent 90 days in jail awaiting trial and upon his release was informed that the attorney that had been assigned to investigate the matter left the firm without completing the investigation. McKittrick took it upon herself to make a decision at this point despite the investigation not being completed ultimately barring Plaintiff's return to college citing mostly irrelevant and exculpatory information in her decision. McKittrick also informed Plaintiff that they were taking no action against the other student. Furthermore, after Plaintiff reached out to McKittrick to rebut and potentially appeal the decision she threatened further retaliation if he continued to contact her or even the college's attorney's in the form of reporting him to the police. Plaintiff had initiated a complaint with the Department of Education Office of Civil Rights and in the college's response it is asserted that the college did not discriminately against Plaintiff based on sex as its decision was not based on the fact that he is male obviously failing to recognize the full scope of discrimination based on sex. The Defendant's maintain that their actions have been effective however, this is not true as the issues did not come to an end until about about late May 2020 when the other student managed to regain contact with the Plaintiff in attempt to hopefully resolve matters and convince the Plaintiff to cease any and all legal matters on his end in exchange for being able to have a relationship with him. Even as of about September 24, 2020 when the other student contacted McKittrick she allegedly still continues to slander and defame the plaintiff calling what he has said quote on quote "bullshit".

FROM:

Xavier Raynor
1344 22nd St.
Apt. #3
Des Moines, 50311

TO:

Clerk of Court
123 East Walnut Street
Room 300
Des Moines, IA 50309

Photo Document Mailer
9 3/4" x 12 1/4"

ReadyPost

U.S. POSTAGE PAID
FCM LG ENV
DES MOINES, IA
50311
OCT 08, 20
AMOUNT
$5.35
R2305K141708-96

7019 2970 0000 4597 1052